IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-282-FL

| | |
|---|---|
| EDDIE F. POWELL, )<br>)<br>Plaintiff, )<br>)<br>)<br>v. )<br>)<br>)<br>WANDA T. WILLIAMS, )<br>)<br>Defendant. ) | **ORDER AND<br>MEMORANDUM &<br>RECOMMENDATION** |

This pro se case is before the court on the application [DE #1] by plaintiff Eddie F. Powell ("Plaintiff") to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1) and for frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B), the matter having been referred to the undersigned by the Honorable Louise W. Flanagan, United States District Judge. For the reasons stated below, Plaintiff's application to proceed in forma pauperis is allowed, and it is recommended that Plaintiff's claims be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## IFP MOTION

The standard for determining *in forma pauperis* status is whether "one cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotation marks omitted). Based on the information contained in Plaintiff's affidavit, the court finds that Plaintiff has demonstrated appropriate evidence of inability to pay the

required court costs. Plaintiff's application to proceed *in forma pauperis* is, therefore, ALLOWED.

## DISCUSSION

I.  Standard for Frivolity Review

Notwithstanding the determination that Plaintiff is entitled to *in forma pauperis* status, the court is required to dismiss all or part of an action found to be frivolous or malicious, which fails to state a claim on which relief can be granted, or which seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2); *Michau v. Charleston County*, 434 F.3d 725, 728 (4th Cir. 2006). A case is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Pro se complaints are entitled to a more liberal treatment than pleadings drafted by lawyers. *See White v. White*, 886 F.2d 721, 722–23 (4th Cir. 1989). However, the court is not required to accept a pro se plaintiff's contentions as true. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). The court is permitted to "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327.

Rule 8 of the *Federal Rules of Civil Procedure* requires a complaint to give a "short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. The statement must give a defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A plaintiff must offer more detail . . . than the bald statement that he has a valid claim of some type against the defendant." *Trulock v. Freeh*, 275

2

F.3d 391, 405 (4th Cir. 2001); *see also White*, 886 F.2d at 723 (affirming district court's dismissal of plaintiff's suit as frivolous where plaintiff's complaint "failed to contain any factual allegations tending to support his bare assertion"). While the court must read the complaint carefully to determine if the plaintiff has alleged specific facts sufficient to support his claims, *White*, 886 F.2d at 724, the court is not required to act as the pro se plaintiff's advocate or to parse through volumes of documents or discursive arguments in an attempt to discern the plaintiff's unexpressed intent, *Williams v. Ozmint*, 716 F.3d 801, 803 (4th Cir. 2013).

## II. Plaintiff's Claims

Plaintiff filed his complaint pursuant to 42 U.S.C. §§ 1983, 1985, and 1986 asserting constitutional violations and conspiracies against the mother of his minor child. The complaint states Defendant violated Plaintiff's Fourth, Fifth, Eighth, Ninth, and Fourteenth Amendment rights without further elaboration. Plaintiff further references allegedly fraudulent charges brought against him in state court. Plaintiff seeks injunctive relief in the form of a stay of a restraining order of the state court, as well as other injunctive relief concerning the care and custody of his minor child. Plaintiff references a custody hearing scheduled for May 22, 2014 and May 23, 2014. Furthermore, the same day the instant complaint was filed, Plaintiff filed an additional complaint against Defendant and Nash County Department of Social Services related to what appears to be the same child custody proceedings.

3

### III. Minor's Name

In Plaintiff's IFP application and complaint, he includes the minor child's full name in violation of Federal Rule of Civil Procedure 5.2(a)(3). This is a ground to strike Plaintiff's complaint and require Plaintiff to re-file his IFP application and complaint after having made the appropriate redactions. However, in consideration of judicial efficiency, the court, in its discretion, directs the clerk to redact the minor child's name from Plaintiff's IFP application and complaint.

### IV. Jurisdiction

The crux of Plaintiff's claim is that a child custody matter is being handled improperly in the state court, and the restraining order arising out of the custody dispute should be stayed. As such, the court does not have jurisdiction to hear such matters.

"Federal courts are courts of limited jurisdiction and generally abstain from hearing child custody matters." *Cantor v. Cohen*, 442 F.3d 196, 202 (4th Cir. 2006). Thus, with limited exception, "child custody matters . . . would be better handled by the state courts which have the experience to deal with this specific area of law." *Id.* Further, the Supreme Court has articulated the domestic relations exception, which "divests the federal courts of the power to issue divorce, alimony, and child custody decrees." *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (reaffirming domestic relations exception). The Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA") and the Parental Kidnaping Prevention Act ("PKPA") are not applicable in this case because Plaintiff has indicated that both he and

4

Defendant are citizens of North Carolina, the child's home state is North Carolina, and he has not alleged that a competing child custody order was issued in another state. Thus, this court does not have jurisdiction to hear the custody matters of this case.

To the extent Plaintiff is asking this court to review certain matters determined by the state court, such as the restraining order, this court must also abstain from such review pursuant to the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine bars federal courts from sitting "in direct review of state court decisions." *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-84 (1983). This doctrine also prohibits a district court from reviewing constitutional claims that are "inextricably intertwined" with the state court's decision. *Shooting Point, LLC v. Cumming*, 368 F.3d 379, 383 (4th Cir. 2004). A constitutional claim is "inextricably intertwined" with a state court-decision if "success on the federal claim depends upon a determination that the state court wrongfully decided the issues before it." *Id.* (quoting *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997)) (internal quotation marks omitted). In other words, the *Rooker-Feldman* doctrine applies "when the federal action 'essentially amounts to nothing more than an attempt to seek review of [the state court's] decision by a lower federal court.'" *Davis v. Durham Mental Health Devel. Disabilities Substance Abuse Area Auth.*, 320 F. Supp. 2d 378, 388 (M.D.N.C. 2004) (quoting *Plyler*, 129 F.3d at 733).

Plaintiff was a party in a state court action that resulted in a restraining order being entered against him.[1] Some of the injuries alleged result from this order. Plaintiff's request for relief would require a finding that the restraining order was improperly entered against him, as he is essentially asking this court to review the lawfulness of the restraining order entered against him. Therefore, the *Rooker-Feldman* doctrine applies to the claim raised by Plaintiff and precludes this court from exercising jurisdiction over Plaintiff's claim.

In sum, this court does not have jurisdiction to determine child custody or child support matters, and to the extent such matters have been determined by the state court, this court is further barred by the *Rooker-Feldman* doctrine from reviewing the state court's decisions. Accordingly, Plaintiff's claim challenging the state court's child custody rulings should be dismissed. *See McAllister v. North Carolina*, No. 5:10-CV-79-D, 2011 WL 883166, at *4 (E.D.N.C. Mar. 11, 2011) (holding that the *Rooker-Feldman* doctrine precluded the court from exercising jurisdiction over plaintiff's claims challenging state-court child support decisions); *see also Kelley v. Saleeby*, No. 4:08-00639, 2008 WL 3927230, at *2 (D.S.C. Aug. 21, 2008) (applying *Rooker-Feldman* to dismiss plaintiff's complaint seeking to have the district court review and modify child custody orders issued in a family court case).

Furthermore, Plaintiff references a claim for fraud. It is unclear whether Plaintiff is intending to raise such a claim in the complaint before this court. To the

---

[1] It is unclear whether child custody or child support orders were entered in the proceedings Plaintiff references. However, if orders were entered, these actions would fall under the same analysis as the restraining order.

6

extent that is Plaintiff's intent, such a claim arises under state law and the court is without jurisdiction to consider the claim. *See* 28 U.S.C. § 1367 (permitting supplemental jurisdiction over state claims only where there are other claims over which the federal court has original jurisdiction).

## CONCLUSION

For the reasons stated above, Plaintiff's application to proceed *in forma pauperis* is ALLOWED, and it is RECOMMENDED that Plaintiff's claims be DISMISSED for lack of subject matter jurisdiction.

The Clerk shall send a copy of this Memorandum and Recommendation to the pro se Plaintiff, who shall have fourteen (14) days from the date of service to file written objections. Failure to file timely, written objections shall bar an aggrieved party from obtaining de novo review by the District Judge on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Judge.

This 11th day of July 2014.

*/s/ Kimberly A. Swank*
KIMBERLY A. SWANK
United States Magistrate Judge