IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-CV-282-FL

EDDIE F. POWELL,                                )
                                                )
        Plaintiff,                              )
                                                )
    v.                                          )                    ORDER
                                                )
                                                )
WANDA T. WILLIAMS,                              )
                                                )
        Defendant.                              )


        This matter is before the court on the Memorandum and Recommendation ("M&R") of

United States Magistrate Judge Kimberly A. Swank, (DE 5), upon frivolity review pursuant to 28

U.S.C. § 1915(e)(2)(B). It is recommended therein that the court dismiss plaintiff's complaint as

frivolous. Plaintiff did not file objections to the M&R. Also pending is plaintiff's motion to

establish parentage (DE 8) and motion for temporary and permanent injunctive relief (DE 9). For

the reasons that follow, the court adopts the findings and recommendation of the magistrate judge

and dismisses the suit as frivolous, including dismissal of the pending motions.

**BACKGROUND**

        The court previously set forth the background of the case in its order entered May 19,

2014, which background the court restates here. In plaintiff's complaint, filed pursuant to 42 U.S.C.

§§ 1983, 1985, and 1986, plaintiff asserts unspecified constitutional violations and conspiracies

against the mother of his minor child, and seeks injunctive relief including the stay of a state court

restraining order as well as other injunctive relief concerning care and custody of his minor child.

Plaintiff references custody hearing scheduled for May 22, 2014 and May 23, 2014 in state court.

Accompanying the proposed complaint is a motion for temporary restraining order, preliminary injunction, and permanent injunction seeking to restrain defendant from leaving the state with his minor child.

On May 19, 2014, the court denied plaintiff's motion for temporary restraining order, noting no likelihood of success on the merits, where the court likely lacks subject matter jurisdiction over the subject matter of the proposed complaint. The court then referred the matter to magistrate judge for in forma pauperis determination and frivolity review.

On July 14, 2014, M&R and order was entered describing lack of basis for jurisdiction or claim in law or fact, thus recommending that plaintiff's complaint be dismissed as frivolous. In plaintiff's motion to establish parentage, plaintiff seeks an order proving that plaintiff is the father of minor child W. (full-name redacted per magistrate judge's July 14, 2014, order) so that plaintiff's name can be added to the birth certificate. In plaintiff's motion for injunctive relief, plaintiff reiterates arguments raised previously in support of injunctive relief.

## COURT'S DISCUSSION

Upon a careful review of the M&R, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the

2

court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The court, after carefully reviewing the M&R and the record, finds the analysis in the M&R to be thorough and cogent, and adopts it in full. the court is required to dismiss all or part of an action found to be frivolous or malicious, which fails to state a claim on which relief can be granted, or which seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2); Michau v. Charleston County, 434 F.3d 725, 728 (4th Cir. 2006). A case is frivolous if it lacks an arguable basis in either law or fact. Neitzke v.Williams, 490 U.S. 319, 325 (1989).

The complaint in this case is deficient, and must be dismissed for lack of subject matter jurisdiction, for two reasons. First, this court does not have jurisdiction to determine child custody or child support matters. See Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992); Cantor v. Cohen, 442 F.3d 196, 202 (4th Cir.2006). Second, to the extent such matters have been determined by the state court, this court is further barred from reviewing the state court's decisions or any claims that are "inextricably intertwined" with the decisions. Shooting Point, LLC v. Cumming, 368 F.3d 379, 383 (4th Cir. 2004). Accordingly, the lawsuit must be dismissed as frivolous.

For the same reasons, and for the reasons expressed in the court's previous order denying plaintiff's motion for temporary restraining order, plaintiff's motion for injunctive relief and motion to establish parentage must also be dismissed for lack of jurisdiction.

**CONCLUSION**

Based on the foregoing, the court ADOPTS the M&R in full, and DISMISSES plaintiff's complaint (DE 1) as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff's remaining motions (DE 8, 9), are DISMISSED for lack of subject matter jurisdiction.

SO ORDERED, this the 1st day of August, 2014.

LOUISE W. FLANAGAN
United States District Judge

4